257 So.2d 326

**MODULAR HOUSING, INC., a Corporation**

**v.**

**G. A. C. TRANS–WORLD ACCEPTANCE CORPORATION, a Corporation.**

**8 Div. 432.**

Supreme Court of Alabama.

Jan. 20, 1972.

Jerry F. Guyton, Winfield, for appellant.

Jetton & Ogden, Guntersville, for appellee.

MERRILL, Justice.

Appellant filed an action for a declaratory judgment to determine the true ownership of three mobile homes, manufactured by appellant at its Winfield, Alabama plant and delivered to Claude Lafever, d/b/a Ideal Mobile Homes in Albertville. These mobile homes were attached by appellee subsequent to the transfer.

At trial, which was without a jury, the parties stipulated that appellant was the manufacturer of the three mobile homes; that the homes had been placed on Lafever's lot by appellant; that appellant had not been paid for them by anyone; that appellee was a secured creditor of Lafever, having filed financing statements on each of them with the Secretary of State, containing an after-acquired property clause; that the three mobile homes were co-mingled with other mobile homes on the lot

with no physical sign segregating them from the others.

It was further stipulated that all the issues could be resolved in the declaratory judgment proceeding in equity and that the decision would determine the case on the same subject on the law side of the court.

The proof showed that appellant had not been paid for the three mobile homes and that appellee had financed homes for Lafever, that he owed appellee about $7,900.00 at the time of trial and that appellee had never been notified by anyone that they claimed an interest in the mobile homes on Lafever's lot except Lafever. It was also shown that in order to sell a mobile home in Georgia, the state where the office of appellee's witness Johns was located, a "certificate of origin" is necessary to pass title to the initial buyer, but another witness, Ray Stocks, a mobile home dealer in Alabama since 1964, testified that a mobile home can be sold in this state without a certificate of origin. This was a question of law and the witness correctly stated the applicable law in Alabama.

The trial court held in pertinent part:

"(1) That complainant, Modular Housing, Inc., as manufacturer of the mobile homes in controversy, placed the said mobile homes on the property of Claude Lafever, doing business as Ideal Mobile Homes, Albertville, Alabama, for the purpose of 'sale or return' as defined in Title 7A, section 2–326, Uniform Commercial Code, Code of Alabama.

"(2) That respondent is a secured creditor of Claude Lafever, d/b/a a Ideal Mobile Homes, as evidenced by the two (2) financing statements filed with the Secretary of State of the State of Alabama, said financing statements containing an after-acquired property clause; that the debt due respondent from the said Claude Lafever has not been paid and is due and owing, and includes, but is not limited to, all accrued interest; storage of the mobile homes since attachment; actual expense of taking said mobile homes; insurance costs since attachment; and court costs of the attachment suit.

"(3) That the said mobile homes are subject to the said claims of respondent."

The sole question is and was that of priority between appellant and appellee under the facts.

The thrust of appellant's argument and assignments of error is that the trial court erred in holding that the transactions between appellant and Lafever amounted to a "sale or return" as defined in § 2–326(3) of the Uniform Commercial Code, Act No. 549, Acts of Alabama 1965, p. 811 et seq. and listed in the 1958 Recompilation as Tit. 7A, § 2–326(3), which provides:

"(3) Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery until payment or resale or uses such words as 'on consignment' or 'on memorandum'. However, this subsection is not applicable if the person making delivery

"(a) complies with an applicable law providing for a consignor's interest or the like to be evidenced by a sign, or

"(b) establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others, or

"(c) complies with the filing provisions of the article on secured transactions (article 9)."

It was stipulated that appellee was a secured creditor of Lafever and had properly recorded its claim with the Secretary of State. Section 2–326(3) provides three ex-

ceptions, (a), (b) and (c), by which appellant could have taken itself out of the provision, but it did none of the three.

Appellant contends that Section 1–102 and Section 1–205(2) are applicable. This same argument was made in the case of Blowers v. First National Bank of Huntsville, 45 Ala.App. 485, 232 So.2d 666. The Court of Civil Appeals rejected the argument and after quoting Section 2–326 said:

"Furthermore, we conclude, in view of the evidence submitted to the trial court, that Section 2–326, supra, was applicable to the situation as presented to the trial court, and that it permitted the establishment of appellee's creditor's rights as being paramount to those of appellant."

In view of Section 2–326(3) of the Uniform Commercial Code and the *Blowers* case, and the fact that appellant is merely relying on an undisclosed oral agreement between it and Lafever, we are constrained to affirm the action of the trial court.

Affirmed.

LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.